UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAFORNIA CAMPBELL, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 14 C 10003 |
| v. | ) ) |
| | ) Chief Judge Rubén Castillo |
| BLATT, HASENMILLER, LEIBSKER & MOORE, LLC, and PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Safornia Campbell brings this action against Defendants Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt") and Portfolio Recovery Associates, LLC ("Portfolio") (collectively "Defendants") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*. Before the Court is Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (R. 28, Defs.' Mot.) For the reasons stated below, the motion is granted.

## BACKGROUND

Plaintiff is a resident of Chicago, Illinois, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3). (R. 1, Compl. ¶ 4.) Blatt is an Illinois law firm with its principal office in Chicago. (*Id.* ¶ 5.) Portfolio is a nationwide debt collection firm located in Norfolk, Virginia. (*Id.* ¶ 7.) Both Blatt and Portfolio are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6). (*Id.* ¶¶ 6, 8.)

On August 5, 2013, Blatt filed a complaint against Plaintiff on behalf of Portfolio in the Circuit Court of Cook County, Illinois, to collect a debt of $1,387.25 (herein the "Collection

Case"). (*Id.* ¶¶ 9-10.) On October 23, 2013, Plaintiff was personally served in the Collection Case. (*See* R. 1-1, Compl., Ex. A at 3.) She failed to answer, however, and on November 18, 2013, the Circuit Court entered judgment against Plaintiff in the amount of $1,387.25 plus costs. (R. 1, Compl. ¶ 9.) On December 4, 2013, in an effort to collect on the judgment, Blatt initiated wage garnishment proceedings by filing an affidavit for wage deduction against Ricoh Americas Corporation ("Ricoh"), Plaintiff's employer. (*Id.*; R. 29-3, Defs.' Mem., Ex. C.) On December 13, 2013, the Circuit Court issued a wage deduction summons to Ricoh, and Ricoh filed an answer. (R. 1-1, Compl., Ex. A at 4.) In February 2014, a judgment was entered against Ricoh requiring that it make installment payments of Plaintiff's wages toward the underlying judgment.[1] (*Id.* at 5.)

On December 12, 2014, Plaintiff filed this lawsuit against Defendants alleging that they violated the venue provision of the FDCPA, which requires that a debt collection action be brought where a consumer resides or where the consumer signed the contract underlying the debt. *See* 15 U.S.C. §1692i(a)(2)(A)-(B). Plaintiff alleges that Defendants violated the venue provision by suing her at the Daley Center, in the First Municipal District, because at that time she lived outside of the First Municipal District.[2] (R. 1, Compl. ¶ 16.) Plaintiff seeks statutory and actual damages against Defendants, as well as attorneys' fees and costs. (*Id.* at 5.)

---

[1] In October 2014, Plaintiff filed for bankruptcy and an automatic stay was entered requiring the cessation of all collection activities. *See In re Campbell*, No. 14-39288 (Bankr. N.D. Ill. filed Oct. 30, 2014).

[2] The complaint is vague as to exactly where Plaintiff was living at the time the Collection Case was filed, and instead lists only her current address in Chicago, which as Defendants point out, would be within the First Municipal District. (*See* R. 1, Compl. ¶¶ 15-16 & Ex. B.) Nevertheless, Plaintiff alleges generally that she lived outside of the First Municipal District at the time the Collection Case was filed, and the Court must accept her allegation as true at this stage. *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). Neither party has provided any information as to whether there was a contract underlying Plaintiff's debt and if so, where it was signed.

2

## LEGAL STANDARD

Rule 12(c) permits a party to move for judgment "after the parties have filed the complaint and answer." *N. Ind. Gun & Outdoor Shows, Inc v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). In deciding a Rule 12(c) motion, the Court applies the same standard that applies to a Rule 12(b)(6) motion. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). The Court can consider "the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun*, 163 F.3d at 452. The Court can also consider documents subject to judicial notice, including the various public court documents submitted by the parties. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

While a plaintiff is not normally required to anticipate or defeat an affirmative defense in her complaint, if the complaint reveals that the defendant has an "airtight defense," it is appropriate for the Court to dismiss the suit on the pleadings. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). A case may be dismissed at the pleading stage based on a statute of limitations defense when "a complaint plainly reveals that an action is untimely under the governing statute of limitations." *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (citation omitted).

## ANALYSIS

The FDCPA seeks "to eliminate abusive debt collection practices by debt collectors[.]" 15 U.S.C. § 1692(e). To that end, the FCDCPA contains a venue provision requiring debt collectors to bring actions to collect a debt in a judicial district that is convenient to the consumer. 15 U.S.C. 1692i(a). Specifically, the statute provides:

> Any debt collector who brings any legal action on a debt against any consumer shall . . . bring such an action only in the judicial district or similar legal entity— (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action.

15 U.S.C. §1692i(a)(2). The provision was intended to address a concern about "'forum abuse,' an unfair practice in which debt collectors file suit against consumers in courts which are so distant or inconvenient that consumers are unable to appear," thereby depriving consumers of their "day in court." S. Rep. No. 95-382, 95th Cong., 1st Sess., at *5 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699. A debt collector who brings an action against a consumer outside of one of these two venues can be sued for statutory and actual damages under the FDCPA. 15 U.S.C. §§1692i(a), 1692k(a).

The meaning of the term "judicial district or similar entity" contained in the venue provision has been in flux in this Circuit. In *Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996), the U.S. Court of Appeals for the Seventh Circuit held that the term meant the Illinois Circuit Courts generally, not the various intra-county districts within the Circuit Courts. This meant that it was permissible for a debt collector to file an action against a debtor located in Cook County in any of the County's six municipal districts. *Id.* at 819-20; *see also Gillespie v. Blitt & Gaines, P.C.*, No. 14 C 9176, 2015 WL 4498743, at *1 (N.D. Ill. July 23, 2015) ("When [defendant] sued [plaintiff] in November 2013, *Newsom v. Friedman*, 76 F.3d 813 (7th Cir.1996), explicitly

permitted a debt collector to file a collection suit in a municipal district of the Cook County Circuit Court other than the one where the debtor resided.").

However, in *Suesz v. Med-1 Solutions, L.L.C.*, 757 F.3d 636 (7th Cir. 2014) (en banc), the Seventh Circuit expressly overruled *Newsom*. The Circuit held instead that "judicial district or similar legal entity" means "the smallest geographic area that is relevant for determining venue in the court system in which the case is filed." *Id.* at 638. The Circuit also gave its holding retroactive application, finding that debt collectors' "reliance on prior law is insufficient in itself to justify making a new judicial ruling prospective[.]" *Id.* at 649. As a result, the *Suesz* opinion has led to a string of FDCPA suits in this District, including this one, over Cook County debt collection actions that may have been proper under *Newsom*, but that violate *Suesz* because they were not filed in the debtor's home municipal district. (*See* R. 29, Defs.' Mem. at 3 n.3 (collecting cases).)

In the present motion, Defendants do not dispute the meaning of *Suesz*, but argue instead that this action fails for a more fundamental reason: it was filed too late. (*Id.* at 3.) Under the FDCPA, an action against a debt collector must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The FDCPA does not specify exactly when the limitations period begins to a run for a violation of the venue provision, nor has the Seventh Circuit ruled on this issue. As a general matter, a statute of limitations "begins to run upon injury . . . and is not tolled by subsequent injuries." *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008). Other Circuits have disagreed over whether the limitations period for a venue violation begins to run when the underlying collection action is filed, or when the debtor is served. *See Serna v. Law Office of Joseph Onwuteaka*, 732 F.3d 440, 446 (5th Cir. 2013) (date of service triggers limitations period for FDCPA venue violation); *Naas v. Stolman*,

5

130 F.3d 892, 893 (9th Cir. 1997) (date of filing of collection action triggers limitations period for FDCPA venue violation). Several courts in this District have concluded that the filing of the collection action is the triggering event. *See, e.g., Komisar v. Blatt, Hasenmiller, Leibsker & Moore, L.L.C.*, No. 14 C 7948, 2015 WL 427845, at *2 (N.D. Ill. Jan. 29, 2015) (holding that for purposes of the FDCPA's venue provision, "the violation and injury occurs as soon as the debt collector brings the lawsuit in the improper forum, in other words the moment the complaint is filed"); *Hardaway v. CIT Grp./Consumer Fin. Inc.*, 836 F. Supp. 2d 677, 683-84 (N.D. Ill. 2011) (holding that the filing of a collection case in the wrong venue triggers the statute of limitations).

This Court need not choose sides, however, because under either approach Plaintiff's claim is untimely. The Collection Case was filed against Plaintiff in August 2013, and she was personally served in October 2013. (R. 1-1, Compl. Ex. A.) Plaintiff brought this action in December 2014, more than a year after both dates. Plaintiff appears to concede that her complaint is not timely as to the underlying collection action. (*See* R. 39, Pl.'s Resp. at 2.) She nevertheless attempts to avoid the limitations bar by asserting that the garnishment proceeding initiated by Blatt constituted "any legal action on a debt against any consumer" within the meaning of 15 U.S.C. §1692i(a), such that Blatt's having filed it in the First Municipal District independently violated her rights. (*Id.* at 5-10.) In her view, this action is timely because it was filed within one year of the date Blatt initiated the garnishment proceeding. (*Id.* at 5-6.)

The FDCPA does not define the term "any legal action on a debt against any consumer," nor does it specifically address whether a wage garnishment proceeding constitutes such an action. Thus, the Court must consider the nature of wage garnishment proceedings in Illinois to determine whether they can be properly characterized as "against" the consumer. *See Hayward v. Blatt, Hasenmiller, Leibsker & Moore, L.L.C.*, No. 14 C 9030, 2015 WL 4572347, at *2-*3

(N.D. Ill. July 29, 2015) (analyzing Illinois law to determine whether state wage garnishment proceeding constituted an action "against" the consumer for purposes of the FDCPA); *Johnson v. Blitt & Gaines, P.C.*, No. 14 C 10009, 2015 WL 4100481, at *5-*6 (N.D. Ill. July 7, 2015) (same); *Etro v. Blitt & Gaines, P.C.*, No. 14 C 8924, 2015 WL 1281521, at *2-*4 (N.D. Ill. Mar. 18, 2015) (same).

Under Illinois law, wage garnishment actions are supplementary proceedings prosecuted for the purpose of enforcing a judgment that has already been entered. *See* 735 Ill. Comp. Stat. 5/2-1402(a). The rules governing such actions expressly distinguish between an action against a third party and an action against the judgment debtor, prescribing different venue rules for each. *See* Ill. S. Ct. R. 277(a), (d). Wage garnishment actions must be commenced in the venue where the third party is located, regardless of where the debtor resides. Ill. S. Ct. R. 277(d).

As with all civil actions in Illinois, the general provisions of the Illinois Code of Civil Procedure apply to wage garnishment proceedings. *See* 735 Ill. Comp. Stat. § 5/1-108(a)-(b). Article XII of the Illinois Code of Civil Procedure imposes specific procedural requirements for wage garnishment actions. *See* 735 Ill. Comp. Stat. § 5/12-801 *et seq.* To initiate a wage garnishment proceeding, the judgment creditor must file an affidavit alleging that the employer is indebted to the judgment debtor. *Id.* § 5/12-805. The court then issues a summons directly to the employer, and upon service of the summons, the employer becomes obligated to respond under oath to interrogatories designed to "elicit all the information necessary to determine the proper amount of non-exempt wages." *Id.* § 5/12-805(a). If an employer fails to answer the summons or otherwise fails to comply with its obligations, a default judgment may be entered against the employer for some or all of the balance owed by the debtor on the underlying judgment. *Id.* § 5/12-807.

The debtor is entitled to receive a wage deduction notice and a copy of the employer's completed interrogatories. *Id.* § 5/12-805(a), (b). Both the debtor and the judgment creditor have the right to contest the truth or sufficiency of the employer's answers, and the debtor may request a hearing to dispute the wage deduction, but only on the basis that certain wages are exempt from garnishment. *Id.* § 5/12-811(a)-(b). A successful wage garnishment action results in a judgment entered against the employer and a lien on wages due to the debtor. *Id.* § 5/12-808(b), (e). The court enters an order requiring the employer to deduct a certain amount from the debtor's wages and pay them directly to the court until the underlying judgment is satisfied. *Id.* § 5/12-808(e).

In light of these procedures, it is apparent that an Illinois wage garnishment proceeding is an action against the consumer's employer, rather than an action "against" the consumer within the meaning of the FDCPA. Several other courts in this District have reached the same conclusion. *See, e.g., Hayward*, 2015 WL 4572347, at *3 ("[T]he Court concludes that a wage garnishment proceeding in Illinois is most appropriately characterized as an action against the third-party employer and not the consumer."); *Johnson*, 2015 WL 4100481, at *5 ("The language and operation of the [Illinois garnishment] scheme supports the conclusion that wage-deduction proceedings are against the *employer* and not the judgment debtor."); *Radcliffe v. Russel G. Winick & Assocs., P.C.*, No. 14 C 8633, 2015 WL 3629950, at *2 (N.D. Ill. June 9, 2015) (holding that under Illinois law "applications for wage deductions are actions against the employer, not the debtor"); *Etro*, 2015 WL 1281521, at *3 (holding that an Illinois wage garnishment action was not "against" the consumer within the meaning of the FDCPA). The Court agrees with the well-reasoned analyses of its colleagues.

8

Plaintiff points out that Illinois law requires that debtors be given notice of and a limited opportunity to participate in wage garnishment proceedings. (R. 39, Pl.'s Mem. at 6.) This does not change the Court's conclusion. As Judge Chang aptly noted in rejecting this identical argument: "[E]nsuring that a legal proceeding provides due process for all interested parties does not render that proceeding 'against' all those interested parties." *Johnson*, 2015 WL 4100481, at *6. Although Illinois law requires notice and a limited opportunity to participate by the debtor, "wage garnishment proceedings impose duties on employers, result in judgment against employers, and [ ] hold employers liable for noncompliance." *Id.* Notwithstanding the notice provision, "the consumer's interest in, and influence on, garnishment proceedings is limited because the wage garnishment proceedings are concerned only with the amount of wages that are exempt or non-exempt and provide no opportunity for the consumer to challenge the underlying validity of the debt itself." *Hayward*, 2015 WL 4572347, at *3.

Under a similar set of facts, the First Circuit concluded that a Massachusetts wage garnishment action was not an action "against" the consumer for purposes of the FDCPA. *Smith v. Solomon & Solomon, P.C.*, 714 F.3d 73, 75-76 (1st Cir. 2013). Like Illinois, Massachusetts afforded debtors a right of notice and a limited ability to participate in wage garnishment proceedings. *Id.* Although it was clear that the debtor had an interest in the proceedings, the First Circuit found it dispositive that such proceedings were ultimately directed toward compelling a third party to act, not the debtor. *Id.* In an unpublished order, the Eleventh Circuit affirmed a lower court decision reaching the same conclusion as to Georgia wage garnishment proceedings, which were substantively similar to those in Illinois and Massachusetts. *See Pickens v. Coll. Servs.*, 165 F. Supp. 2d 1376, 1380-81 (M.D. Ga. 2001), *aff'd by* 273 F.3d 1121 (11th Cir. 2001) (Table). The Court finds these cases instructive.

Plaintiff argues that *Smith* and *Pickens* are distinguishable because in those cases the underlying collection action was brought in a venue required by Section 1692i(a)(2), whereas here Defendants are alleged to have violated the venue provision when they brought the original action. (R. 39, Pl.'s Resp. at 8-9.) This is a distinction without a difference. The text of Section 1692i(a) in no way "distinguish[es] between legal actions predicated on judgments obtained in proper venues versus those obtained in improper venues." *Johnson*, 2015 WL 4100481, at *7. "Simply put, the forum where the original collection action was filed has no bearing on whether a subsequent wage garnishment proceeding is 'against a consumer' or not." *Hayward*, 2015 WL 4572347, at *5. To the extent Plaintiff is arguing that she must be allowed to proceed with her claim because it is the only means of vindicating her rights under the FDCPA, the Court disagrees. Plaintiff "had the same means of protecting [her] rights that every other consumer has, namely, filing a timely suit for improper venue in the underlying collection action." *Id.* at *4.

Plaintiff's reliance on *Blakemore v. Pekay*, 895 F. Supp. 972 (N.D. Ill. 1995), is also unavailing. (*See* R. 39, Pl.'s Resp. at 4.) Although that case dealt with state garnishment proceedings, it did not address the "against the consumer" language which is in dispute here; rather, it addressed whether a garnishment proceeding constituted a "legal action" within the

meaning of the FDCPA.[3] *See Blakemore*, 895 F. Supp. at 983; *see also Johnson*, 2015 WL 4100481, at *7 (distinguishing *Blakemore* on the ground that it was considering different statutory language in the FDCPA). Plaintiff also cites to *Adkins v. Weltman, Weinberg & Reis Co.*, No. 2:11-cv-00619, 2012 WL 604249 (S.D. Ohio Feb. 24, 2012), which concluded that Ohio garnishment proceedings were "against" the consumer for purposes of the FDCPA. (R. 39, Pl.'s Resp. at 7-8.) Unlike Illinois law, however, Ohio law defines garnishment proceedings as being "against a judgment debtor," rather than the debtor's employer. *See* Ohio Rev. Code § 2716.03(B); *see also Etro*, 2015 WL 1281521, at *3 (distinguishing *Adkins* based on fundamental differences in Ohio and Illinois garnishment proceedings). These cases are therefore unpersuasive.

It is also worth noting that Plaintiff's proposed interpretation of Section 1692i(a) is inconsistent with that of the Federal Trade Commission ("FTC"), an agency which "holds some interpretative and enforcement authority with respect to the FDCPA[.]" *Gulley v. Markoff & Krasny*, 664 F.3d 1073, 1074 (7th Cir. 2011) (citation omitted); *see also* 15 U.S.C. § 1692l(a). In commenting on the venue provision, the FTC noted that it is permissible for a debt collector to file a third-party enforcement action to collect on a judgment in a jurisdiction other than the

---

[3] The Court notes that *Blakemore* relied heavily on the Ninth Circuit's opinion in *Fox v. Citicorp Credit Sers., Inc.*, 15 F.3d 1507 (9th Cir. 1994), which now has limited precedential value as it was "totally torpedoed by that same circuit's on-all-fours opinion three years later." *Mako v. Blatt, Hasenmiller, Leibsker & Moore, L.L.C.*, No. 14 C 9600, 2015 U.S. Dist. LEXIS 6829, at *3 (N.D. Ill. Jan. 20, 2015). In a 1997 decision, the Ninth Circuit rejected the idea espoused in *Blakemore* and *Fox* that actions taken to collect on a judgment could trigger a separate violation of the FDCPA's venue provision. *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997). The Ninth Circuit explicitly held that the statute of limitations for a violation of the FDCPA's venue provision begins to run upon the filing of the underlying collection case. *Id.* Another court in this District recently noted that *Blakemore* is a "single outlier in a wave of district court opinions that hold only the filing of the collection case initiates the running of the statute of limitations." *Hill v. Freedman Anselmo Lindberg, L.L.C.*, No. 14 C 10004, 2015 WL 2000828, at *3 (N.D. Ill. May 1, 2015).

debtor's home court. FTC Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097-02, 50101 (Dec. 13, 1988). In other words, the FTC recognizes that third-party enforcement proceedings are distinct from legal actions against consumers, and believes that the venue provision is inapplicable to such proceedings. The FTC's commentary is "not binding on the courts," *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 764 (7th Cir. 2006), but it is entitled to the Court's "respectful consideration," *Gulley*, 664 F.3d at 1075 (citation omitted).

For these reasons, the Court now joins numerous other courts in this District in holding that the term "legal action on a debt against any consumer" does not include an Illinois wage garnishment action. Defendants' filing of the wage garnishment action against Plaintiff's employer did not reset or otherwise extend the one-year deadline for Plaintiff to bring suit under the FDCPA's venue provision. This action, which was brought more than a year after Defendants filed the Collection Case against Plaintiff and served her with notice thereof, is untimely under Section 1692k(d).

## CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings (R. 28) is GRANTED. The clerk is DIRECTED to enter judgment in favor of Defendants Blatt, Hasenmiller, Leibsker & Moore, LLC and Portfolio Recovery Associates, LLC.

ENTERED: _____
Chief Judge Rubén Castillo
United States District Court

**Dated: August 7, 2015**

12